IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

RUSSELL CHARLES HILL        §
                            §
v.                          §
                            §   Case No. 2:13-CV-0331-RSP
COMMISSIONER, SOCIAL        §
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

On February 25, 2013, Administrative Law Judge James Bentley issued a decision finding that Plaintiff Russell Charles Hill was not disabled within the meaning of the Social Security Act from July 9, 2010 through the date of the decision. Mr. Hill, who was 48 with a high school education at that time, was found to be suffering from severe impairments including chronic bilateral knee pain secondary to osteoarthritis and meniscal tears, lumbar degenerative disc disease, depression and anxiety. These impairments resulted in restrictions on his ability to work, and he had not engaged in any substantial gainful activity since at least July 9, 2010, although he did work intermittently as a substitute teacher through 2011. Before that time he had worked as an aircraft mechanic in the U.S. Air Force and as a teacher's aide. He was not able to return to that kind of work.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Plaintiff had the residual functional capacity to perform less than the full range of light work, as defined in the Social Security Regulations, but never climbing ladders, ropes or scaffolds, and only occasionally crawling, crouching, kneeling, stooping, balancing and climbing

1

ramps or stairs. He could stand and/or walk about six hours total during an eight hour work day, and sit for about six hours total during an eight hour work day, as long as he had the option to temporarily change position from sitting to standing or vice versa without leaving the work station. Based on the testimony of a vocational expert witness, the ALJ determined that Plaintiff could perform the requirements of certain jobs that exist in substantial numbers in the national economy, such as cashier II, furniture rental clerk and parking lot attendant. This finding resulted in the determination that Plaintiff was not entitled to Social Security Disability benefits. Plaintiff appealed this finding to the Appeals Council, which denied review on April 3, 2013. Plaintiff timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and

"must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises five issues on this appeal:

> 1. The ALJ's decision was not supported by substantial evidence as plaintiff meets listing 1.02(a)(b)(d).
>
> 2. The ALJ failed to fully and fairly develop plaintiff's vocational profile given his limited use of his right shoulder, and limited range of motion of both knees.
>
> 3. The ALJ did not give proper consideration of plaintiff's inability to stand and walk six (6) hours and sit six (6) hours given his limitations with a sit/stand option.
>
> 4. The ALJ erred in discrediting plaintiff's subjective complaints.
>
> 5. The ALJ erred in failing to present a proper hypothetical to the V.E. including all of plaintiff's nonexertional limitations.

*Issue No. 1:*

Plaintiff contends that the ALJ erred in not finding that Plaintiff's impairments meet or medically equal the requirements of one of the listed impairments in 20 C.F.R. Part 404, leading to a presumption of disability at Step Three. Plaintiff quotes the requirements of listing 1.02(A), which pertains to major joint dysfunction of the lower extremities, but does not identify which of the sections of the listing he contends he meets. The ALJ addressed this issue on pages 6 and 7 of his opinion (Tr. 16-17), where he noted that "he does not meet the requirements of Listing 1.02(A), because there is no evidence he has an inability to ambulate effectively."

The requirements of Listing 1.02 are demanding. "The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination." *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). Plaintiff bears the burden of proof at Step Three

and to meet Listing 1.02 must show gross anatomical deformity of the joint, chronic joint pain and stiffness with limitation of motion or abnormal motion of the joint, and evidence of imaging of the joint showing deterioration. Additionally, he must show an inability to ambulate effectively caused by the above joint being a hip, knee or ankle, or he must show involvement of both upper extremities causing inability to perform both fine and gross movements effectively.

The regulations define the inability to ambulate effectively as including "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." Among the evidence offered by Plaintiff as support for meeting this limitation is the April 6, 2011 medical note that "left knee swells up after doing yard work." (Dkt. No. 8 p. 12). Not only does this not show a long-lasting problem, it also shows activity inconsistent with an inability to ambulate effectively.

The Court's review of the record does not support Plaintiff's argument that the ALJ erred in this finding.

*Issue No. 2:*

Plaintiff's second issue relates to whether the ALJ fulfilled his duty to develop the record as to Plaintiff's limitations. However, he does not articulate how this is shown in the record. The Commissioner shows that a consultative examination was obtained from Dr. Robert Davidson on May 22, 2012. (Tr. 395-397). Furthermore, the record reflects a very thorough

review of the extensive medical record by the ALJ. (Tr. 16-27). Plaintiff has failed to show any merit in this complaint.

*Issue No. 3:*

Plaintiff complains that the ALJ did not give proper weight to the evidence concerning Plaintiff's limitations on walking and standing. This is an area that the Commissioner's response does not adequately address. The ALJ specifically found on page 7 of his Opinion that Plaintiff was capable of standing and/or walking "about six hour total during an eight hour work day." (Tr. 17). He also noted that State Agency physicians, to whom he gave "great weight," found that Plaintiff "could perform a range of 'light' work requiring standing and/or walking *no more than three to four hours* combined in an eight-hour workday." (Tr. 25; emphasis supplied). This is confirmed in the report of Dr. Manda Hall. (Tr. 454). The hypothetical question posed to the Vocational Expert at the hearing did not specify the number of hours Plaintiff could stand and/or walk, instead asking her to assume a limitation to light work. The Court is thus unable to determine from this record whether the vocational opinion is based on the residual functional capacity finding of the ALJ. The Court is also unable from this record to determine the basis for that portion of the residual functional capacity finding relating to standing and/or walking, since it differs from the State Agency physician who the ALJ stated he relied upon.

The Court cannot find that substantial evidence thus supports the finding that Plaintiff is not disabled.

*Issue No. 4:*

Plaintiff complains in this issue that the ALJ discounted the credibility of Plaintiff's testimony regarding his pain and other symptoms without proper explanation. The

5

Commissioner concedes that while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 8 through 17, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. The Court finds that the record, and particularly the medical evidence, amply supports the ALJ's finding that the Plaintiff's complaints of pain and disabling symptoms were not fully credible.

*Issue No. 5:*

The final issue relates to Plaintiff's assertion that the ALJ failed to include certain non-exertional limitations in the hypothetical question posed to the Vocational Expert. The first relates to "mental impairments" arising from "depression, anxiety, mood changes, panic attacks and agitation related to his chronic pain." The Court finds that the ALJ adequately considered these conditions and explained his reasons for not finding them to constitute limitations on Plaintiff's work capacity. (Tr. 22-25). The second relates to "overhead lifting and knee swelling and crepitus of both knees." These were also extensively discussed by the ALJ and Plaintiff has

failed to show that he did not adequately consider these issues in his finding of residual functional capacity.

*Conclusion:*

Due to the issue noted above concerning the finding as to Plaintiff's capacity to stand and/or walk, the Court must remand this matter to the Commissioner for further proceedings consistent herewith.

**SIGNED this 31st day of March, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE